IN THE STATE COURT OF SPALDING COUNTY
STATE OF GEORGIA

LISA BARKLEY,                      §

  Plaintiff,                §

vs.                                §

PEYTON MEARL Le BLEU,             §
YARBROUGH TRANSFER
COMPANY and HARTFORD              §
FIRE INSURANCE COMPANY,
                                   §
  Defendants.

E-filed for Record
8/12/2021 4:10 PM
Superior/State Court, Spalding County

CIVIL ACTION

FILE NO. 21SV-256 _____

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Lisa Barkley, by and through her undersigned counsel, and herein files her complaint for damages as follows:

1.

Defendant Peyton Mearl LeBleu ("Defendant LeBleu") is a resident of the State of North Carolina.  He may be served with process through the Georgia Secretary of State pursuant to O.C.G.A. § 40-12-2.  Copies of the affidavit of compliance with the Georgia Non-Resident Motorist Act, the summons and complaint have been served upon said Defendant by certified mail at his known address located at 210 Quail Creek Court, Hubert, North Carolina 28539-4390.

2.

Jurisdiction is proper against Defendant LeBleu pursuant to the Georgia Non-Resident Motorist Act.  Venue is proper pursuant to O.C.G.A. § 40-12-3 as the collision at issue occurred in Spalding County, Georgia.

3.

Defendant Yarbrough Transfer Company is a corporation organized under the laws of

Copy from re:SearchGA

North Carolina.  Yarbrough Transfer Company may be served through its registered agent, J. David Yarbrough, Jr. at 1500 Doune Street, Winston-Salem, North Carolina 27127-2906.

4.

Jurisdiction is proper against Yarbrough Transfer Company pursuant to Georgia's Long Arm Statute.  Venue is proper pursuant to O.C.G.A. § 40-1-117(b).

5.

Defendant Hartford Fire Insurance Company ("Hartford") is a for profit insurer and corporation authorized to transact business in the State of Georgia and may be served with process via its registered agent, C T Corporation System at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

6.

Jurisdiction is proper against Hartford as it is registered to transact business in Georgia and venue is proper pursuant to O.C.G.A. § 33-4-1 as the Plaintiff is a resident of Spalding County and is a third-party beneficiary of the insurance policy at issue.

7.

On November 6, 2019, the Plaintiff was a front seat passenger in a vehicle traveling in the right hand lane heading north on Hill Street.

8.

Defendant LeBleu was traveling northbound in the left lane of Hill Street operating an oversized tractor-trailer.

9.

The driver of the Plaintiff's car proceeded forward through the intersection as she had the green light.

- 2 -

Copy from re:SearchGA

10.

However, Defendant LeBleu from the left hand lane attempted a right hand turn onto State Route 16 and the passenger side front end of his tractor-trailer struck the vehicle the Plaintiff occupied, and pushed her vehicle sideways for a short distance.

11.

Defendants admit fault for causing the wreck at issue by Defendant LeBleu misjudging the clearance to make a right hand turn safely.

12.

At all relevant times hereto, the Plaintiff and the driver of the car in which she was a passenger acted with reasonable care and Defendant LeBleu's negligence was the sole cause of the wreck at issue.

13.

On November 6, 2019, Defendant LeBleu was an employee and/or agent acting within the course and scope of his employment for Yarbrough Transfer Company.  Defendants LeBleu and Yarbrough Transfer Company are jointly and severally liable for the actions of Defendant LeBleu under the doctrine of respondeat superior.

14.

At the time of this wreck, Hartford provided a policy of liability insurance on behalf of Yarbrough Transfer Company, a motor carrier for hire, and Defendant LeBleu, and this policy was in effect on November 6, 2019, and provides coverage for this wreck.

15.

Under the contract between Yarbrough Transfer Company and its insurer, Hartford, is subject to suit by direct action pursuant to the provisions of O.C.G.A. §§ 40-1-112 and 40-2-140.

Copy from re:SearchGA

16.

As the proximate result of Defendant LeBleu's negligence, the Plaintiff has incurred the

following medical specials:

| | | | |
|---|---|---|---|
| 11/06/19 | Wellstar Spalding Ambulance | $ | 1,180.00 |
| 11/06/19 | Wellstar Spalding Regional Hospital | $ | 2,726.20 |
| 11/06/19 | Georgia Imaging | $ | 48.00 |
| 11/06/19 | Georgia Emergency Group | $ | 935.00 |
| 11/12/19 thru 01/17/20 | Griffin Spine & Injury | $ | 5,920.00 |
| 11/19/19 | Regenerative Orthopaedics | $ | 955.00 |
| 11/29/19 | Advanced Imaging Centers | $ | 2,225.00 |
| 12/16/19 | Griffin Rehab Solutions | $ | 310.00 |
| 01/24/20 | Regenerative Orthopaedics | $ | 548.00 |
| 02/19/20 | Regenerative Orthopaedics | $ | 739.00 |
| 02/25/20 | Griffin Imaging | $ | 1,518.00 |
| 02/28/20 | Regenerative Orthopaedics | $ | 739.00 |
| 03/05/20 | Wynn's Pharmacy | $ | 15.80 |
| 05/18/20 | Regenerative Ortho Surgery Center | $ | 3,015.00 |
| 05/18/20 | Regenerative Orthopaedics | $ | 385.00 |
| 06/12/20 | Regenerative Orthopaedics | $ | 1,110.00 |
| 10/14/20 | Regenerative Ortho Surgery Center | $ | 3,015.00 |
| 10/14/20 | Regenerative Orthopaedics | $ | 385.00 |
| 10/16/20 | Regenerative Orthopaedics | $ | 739.00 |
| 11/13/20 | Regenerative Orthopaedics | $ | 739.00 |
| 02/12/21 | Regenerative Orthopaedics | $ | 1,182.00 |
| 02/26/21 | Regenerative Ortho Surgery Center | $ | 100,500.00 |
| 02/26/21 | Henry Anesthesia | $ | 1,150.00 |
| 02/26/21 | Regenerative Orthopaedics | $ | 11,925.00 |
| 03/09/21 | Regenerative Orthopaedics | $ | 373.00 |
| 03/31/21 | Griffin Rehab Solutions | $ | 260.00 |
| 04/28/21 | Regenerative Orthopaedics | $ | 1,528.00 |
| 05/03/21 | Griffin Imaging | $ | 1,100.00 |
| 05/19/21 | Regenerative Orthopaedics | No Charge | |
| 06/09/21 | Regenerative Orthopaedics | $ | 739.00 |
| 06/25/21 | Regenerative Ortho Surgery Center | $ | 22,600.00 |
| 06/25/21 | Regenerative Orthopaedics | $ | 6,046.00 |
| 07/28/21 | Regenerative Orthopaedics | $ | 916.00 |
| | **TOTAL** | **$** | **175,566.00** |

Plaintiff reserves the right to revise these medical specials up to the filing of the consolidated pre-

trial order.

- 4 -

Copy from re:SearchGA

17.

As a proximate result of Defendant LeBleu's negligence, Plaintiff has incurred past, present and future pain and suffering in an amount to be determined by the enlightened conscious of an impartial jury.

18.

Defendant LeBleu acted in bad faith by ignoring the legal rights of the Plaintiff and the driver of the car in which she was a passenger, and he has acted in bad faith entitling Plaintiff to recover against the Defendants her reasonable attorney fees and litigation expenses pursuant to O.C.G.A. § 13-6-11.

Plaintiff respectfully prays for the following relief:

(a)     That she recover her special damages in an amount to be demonstrated at trial;

(b)     That Plaintiff recover her past, present and future pain and suffering in an amount to be determined by the enlightened conscious of an impartial jury;

(c)     That Plaintiff recover her reasonable attorney fees and litigation expenses pursuant to O.C.G.A. § 13-6-11 based on Defendant LeBleu acting in bad faith at the time of the wreck at issue;

(d)     That all court costs be cast against the Defendants; and

(e)     This Court grant such other and further relief that it deems proper.

This ___11th___ day of August, 2021.

/S/   John H. Peavy, Jr.
JOHN H. PEAVY, JR.
Georgia Bar No. 569610
Co-Counsel for Plaintiff

Copy from re:SearchGA

PEAVY LAW, LLC
One Atlantic Center
1201 W. Peachtree Street, Suite 2300
Atlanta, Georgia 30309
Phone:  (404) 874-0101
FAX:    (404) 874-0404
E-Mail:  jay@peavylawllc.com

/S/ Tim C. Cramer (by JHP w/express permission)
TIM C. CRAMER
Georgia Bar No. 193090
Co-Counsel for Plaintiff

CRAMER & PEAVY
P.O. Box 58
Griffin, Georgia 30224
Phone:   (770) 227-4955
FAX:     (770) 227-3009
E-Mail:  tim@cramerpeavy.com

Copy from re:SearchGA

E-filed for Record
8/12/2021 4:10 PM
Superior/State Court, Spalding County

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ■ State Court of ___SPALDING_____ County

**For Clerk Use Only**

Date Filed ___8/12/2021_____      Case Number ___21SV-256_____

**MM-DD-YYYY**

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| BARKLEY, | Lisa | | | |
| | | | | |
| | | | | |
| | | | | |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| LeBLEU, | Peyton | M. | | |
| YARBROUGH | TRANSFER | COMPANY | | |
| HARTFORD FIRE | INSURANCE | COMPANY | | |
| | | | | |

**Plaintiff's Attorney** _John H. Peavy, Jr._____   **State Bar Number** _569610_____   **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____      _____
**Case Number**                                **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Copy from re:SearchGA

## General Civil and Domestic Relations Case Filing Information Form

E-filed for Record
8/12/2021 4:10 PM
Superior/State Court, Spalding County

☐ Superior or ☑ State Court of _SPALDING_ County

| For Clerk Use Only | |
|---|---|
| Date Filed  8/12/2021 | Case Number  21SV-256 |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

| BARKLEY, | Lisa | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| LeBLEU, | Peyton | M. | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| YARBROUGH | TRANSFER | COMPANY | | |
| Last | First | Middle I. | Suffix | Prefix |
| HARTFORD FIRE | INSURANCE | COMPANY | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _John H. Peavy, Jr._   **State Bar Number** _569610_   **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☑ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____  **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Copy from re:SearchGA

E-filed for Record
8/12/2021 4:10 PM
Superior/State Court, Spalding County

Summons

# IN TH SUPERIOR/STATE COURT OF SPALDING COUNTY

## STATE OF GEORGIA

LISA BARKLEY,

CIVIL ACTION
NUMBER   21SV-256

PLAINTIFF

VS

PEYTON MEARL LeBLEU,
YARBROUGH TRANSFER
COMPANY and HARTFORD
FIRE & CASUALTY COMPANY,

DEFENDANT

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:   Peyton Mearl LeBleu, 210 Quail Creek Court,
Hubert, North Carolina 28539-4390

You are hereby summoned and required to file the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

John H. Peavy, Jr., PEAVY LAW, LLC,
1201 W. Peachtree Street,
One Atlantic Center, Suite 2300,
Atlanta, Georgia 30309
(404) 874-0101

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _12th_ day of AUGUST , 2021 .

Clerk of Superior/State Court

BY   DEBBIE L BROOKS

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

Copy from re:SearchGA

E-filed for Record
8/12/2021 4:10 PM
Superior/State Court, Spalding County

Summons

# IN TH SUPERIOR/STATE COURT OF SPALDING COUNTY

# STATE OF GEORGIA

LISA BARKLEY,

CIVIL ACTION
NUMBER   21SV-256

PLAINTIFF

VS

PEYTON MEARL LeBLEU,
YARBROUGH TRANSFER
COMPANY and HARTFORD
FIRE & CASUALTY COMPANY,

DEFENDANT

## SUMMONS

Secretary of State, State of Georgia
Corporate Division, 2 Martin Luther King Jr. Drive
Suite 313, Floyd West Tower, Atlanta, GA 30334-1530

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

John H. Peavy, Jr., PEAVY LAW, LLC,
1201 W. Peachtree Street,
One Atlantic Center, Suite 2300,
Atlanta, Georgia 30309
(404) 874-0101

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 12TH day of AUGUST , 2021 .

Clerk of Superior/State Court

BY   DEBBIE L BROOKS

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

Copy from re:SearchGA

E-filed for Record
8/12/2021 4:10 PM
Superior/State Court, Spalding County

Summons

# IN TH SUPERIOR/STATE COURT OF SPALDING COUNTY

## STATE OF GEORGIA

LISA BARKLEY,

CIVIL ACTION
NUMBER  21SV-256

PLAINTIFF

VS

PEYTON MEARL LeBLEU,
YARBROUGH TRANSFER
COMPANY and HARTFORD
FIRE & CASUALTY COMPANY,

DEFENDANT

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

Yarbrough Transfer Company,
c/o J. David Yarbrough, Jr., Registered Agent
1500 Doune Street
Winston-Salem, North Carolina 27127-2906

You are hereby summoned and required to file the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

John H. Peavy, Jr., PEAVY LAW, LLC,
1201 W. Peachtree Street,
One Atlantic Center, Suite 2300,
Atlanta, Georgia 30309
(404) 874-0101

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This  12TH  day of AUGUST ,  2021 .

Clerk of Superior/State Court

BY  DEBBIE L BROOKS

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

Copy from re:SearchGA

E-filed for Record
8/12/2021 4:10 PM
Superior/State Court, Spalding County

Summons

# IN TH SUPERIOR/STATE COURT OF SPALDING COUNTY

## STATE OF GEORGIA

LISA BARKLEY,

CIVIL ACTION NUMBER ___21SV-256___

**PLAINTIFF**

VS

PEYTON MEARL LeBLEU,
YARBROUGH TRANSFER
COMPANY and HARTFORD
FIRE & CASUALTY COMPANY,

**DEFENDANT**

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

Hartford Fire Insurance Company
c/o CT Corporation System, Registered Agent
289 S. Culver Street
Lawrenceville, Georgia 30046-4805

You are hereby summoned and required to file the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

John H. Peavy, Jr., PEAVY LAW, LLC,
1201 W. Peachtree Street,
One Atlantic Center, Suite 2300,
Atlanta, Georgia 30309
(404) 874-0101

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __12TH__ day of __AUG__, __2021__.

Clerk of Superior/State Court

BY __DEBBIE L BROOKS__

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

IN THE STATE COURT OF SPALDING COUNTY
STATE OF GEORGIA

E-filed for Record
8/12/2021 4:10 PM
Superior/State Court, Spalding County

LISA BARKLEY,                              §

     Plaintiff,                            §

vs.                                        §

PEYTON MEARL Le BLEU,                      §
YARBROUGH TRANSFER
COMPANY and HARTFORD                       §
FIRE INSURANCE COMPANY,

                                       §

Defendants.

CIVIL ACTION

FILE NO. _____21SV-256_____

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PEYTON MEARL Le BLEU

COMES NOW Plaintiff Lisa Barkley, by and through her undersigned counsel, and hereby serves her first request for production of documents upon Defendant Peyton Mearl Le Bleu ("Defendant") pursuant to O.C.G.A. § 9-11-34. Defendant is requested to produce within forty-five (45) days of receipt hereof the documentary evidence requested hereinafter. Said documentary evidence is alleged to be in Defendant's possession, custody and control and is pertinent to the issue in this case.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please produce a copy of your current driver's license.

2.

Please produce a copy of your driving record for the previous seven (7) years. In lieu of providing this document, please produce a sufficient authorization so that Plaintiff may obtain this information directly from the Department of Public Safety.

3.

Please produce a copy of any prescriptions for medications Defendant took or should have

Copy from re:SearchGA

taken within 24 hours prior to the incident at issue.

4.

Please produce a copy of any bill, estimate or other document which you contend does or may support any contention that a mechanical or other defect in the vehicle driven by Defendant or any other person caused or contributed to the incident at issue.

5.

Please produce any and all damage appraisals and repair invoices, regardless of whether such person or entity repaired the vehicle, for any vehicle involved in the incident at issue.

6.

Please produce all photographs, videotapes, sketches, and/or drawing of any person, party, vehicle, or other object, thing or person relevant to the incident and resulting lawsuit at issue, including photographs, healthcare records, videotapes, statements (oral or written) and reports.

7.

Please produce any and all accident, incident or other report regarding the incident at issue.

8.

Please produce any and all written, transcribed or recorded statements made by any witness, party or other person or entity having any relevant knowledge regarding the incident and resulting lawsuit at issue.

9.

Please produce all surveillance movies, videotapes, discs, photographs, reports or other items regarding Plaintiff.

Copy from re:SearchGA

10.

Please produce any and all reports, whether written or otherwise recorded, made by any expert who has been retained or otherwise employed by Defendant or Defendant's agents in anticipation of litigation or for trial.

11.

Please produce copies of all other documentary or other tangible evidence on your behalf which you contend demonstrates or supports your defense(s) to Plaintiff's complaint.

12.

Please provide copies of all documents and other items obtained by you, your lawyers or insurance company regarding Plaintiff, including, but not limited to records and/or other items obtained via authorizations, third party request for production, and subpoena.

13.

Please produce a copy of your cell phone provider's invoice reflecting the calls made and received on November 6, 2019.

14.

Please produce any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering Defendant or the automobile being driven by Defendant, at the time of the subject accident.

15.

Please produce all equipment and maintenance records of Defendant's vehicle or the

Copy from re:SearchGA

vehicle Defendant was driving at the time of the wreck.

This  11th   day of August, 2021.

RESPECFULLY SUBMITTED,


  /S/   John H. Peavy, Jr.
JOHN H. PEAVY, JR.
Georgia Bar No 569610
Co-Counsel for Plaintiff


PEAVY LAW, LLC
One Atlantic Center
1201 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
Phone:  (404) 874-0101
FAX:    (404) 874-0404
E-Mail:  jay@peavylawllc.com

- 4 -

Copy from re:SearchGA

IN THE STATE COURT OF SPALDING COUNTY
STATE OF GEORGIA

E-filed for Record
8/12/2021 4:10 PM
Superior/State Court, Spalding County

LISA BARKLEY,                          §

    Plaintiff,                         §

                                CIVIL ACTION

vs.                                    §

                                FILE NO. 21SV-256 _____

PEYTON MEARL Le BLEU,                  §
YARBROUGH TRANSFER
COMPANY and HARTFORD                   §
FIRE INSURANCE COMPANY,

                   §

    Defendants.

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT HARTFORD FIRE INSURANCE COMPANY

COMES NOW Plaintiff Lisa Barkley, by and through her undersigned counsel, and hereby serves her first continuing interrogatories upon Defendant Hartford Insurance Company ("Defendant") pursuant to O.C.G.A. § 9-11-33.  Each interrogatory shall be answered separately and fully in writing, under oath.  The answers are to be signed by the person making them and the objection, if any, is to be signed by the attorney making them.  Defendant shall serve a copy of its answers and objections within forty-five (45) days of service of the complaint and these interrogatories.  Failure to timely respond to these interrogatories will subject Defendant to sanctions pursuant to O.C.G.A. § 9-11-37.

These interrogatories shall be deemed continuing so as to require Defendant to reasonably supplement or amend its prior answers pursuant to O.C.G.A. § 9-11-26(e) if Defendant obtains other information between the time its answers are served and the time of trial.

## DEFINITIONS

(1)     "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and

Copy from re:SearchGA

knowledge, including but not limited to, correspondence, memoranda of agreements, assignments, meeting minutes, memoranda, e-mails, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, maps, analysis, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, floppy or other magnetic storage media), tapes, photographs, drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include any attachments or exhibits to the requested document, or any other documents referred to in the requested document or incorporated by reference;

(2)     "Person" means any natural person, corporation, partnership, proprietorship, association, organization, groups of persons, or any governmental body or subdivision thereof;

(3)     As used herein, the term "similar" shall have that meaning it is given in the *American Heritage Dictionary,* which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used herein, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If in any response you limit the information you provide or documents you produce because you use some other interpretation of the word "similar", please so state, and state the interpretation of the word "similar" that you are utilizing, and reveal generally that nature of the information withheld because of such interpretation.

(4)     The use of the word "you", "your" or "yours" refers to Hartford Fire & Casualty Company and/or its attorneys, agents and employees.

- 2 -

Copy from re:SearchGA

(5)     If in response to Plaintiff's interrogatories, Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was discovered by Defendant, by whom such additional fact was discovered, when such additional fact was discovered, who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional facts were not disclosed to Plaintiff in Defendant's initial responses to these interrogatories.

## **INTERROGATORIES**

### 1.

State the following information concerning any and all motor vehicle-motor carrier liability insurance which does or may afford insurance coverage to Yarbrough Transfer Company ("Yarbrough") for Plaintiff's claims made in this lawsuit:

a.     The policy number or numbers for the policy at issue in this case; and

b.     The liability limits for the policy at issue.

### 2.

Is Yarbrough or any parent or related company covered under any sort of additional liability insurance policy; umbrella insurance policy, excess insurance policy, or policy by any other name which does or may extend liability insurance coverage for the claims made in this lawsuit beyond or in addition to any primary coverage which Defendant has available in this lawsuit?  If so, please state the following:

a.     Name of the insured.

b.     Name of the insurers issuing each such policy.

c.     The applicable limits of liability coverage.

Copy from re:SearchGA

  d.  State whether or not such insurers have been notified of the claims made in this lawsuit, and if so, when and by whom.

3.

Please state the name of every person known to Defendant, Defendant's attorneys, or to any person investigating this matter on behalf of Defendant or Defendant's attorneys, who has any information about how or why the collision complained of in this case occurred and include the following information with respect to each such person:

  a.  Names, address, telephone number and employer of each such person.

  b.  A brief description of the nature of such witness' knowledge (for example: eye witnesses, police officer, medical personnel).

  c.  Whether or not any such witnesses gave any statement or account either orally, or in writing, or tape recorded, of his or her knowledge of any information relevant in this lawsuit, and if so, list the names of such witnesses giving statements, an explanation of the type of statement given (oral, written, or recorded) and the name and address of the taker and present custodian of such statement.

4.

Please state the name, address, telephone number and employer of any witness not listed above who has any information relevant to how the collision complained of occurred.

5.

Please state the name, address, and telephone number of all persons (whether medical providers or lay people) who have any relevant information relative to Plaintiff's condition prior to or subsequent to the collision, physical and mental suffering as a result of the collision, or who

- 4 -

Copy from re:SearchGA

have any information relative to the issue of damages in this litigation.

6.

Please state the name, employer, employment address and telephone number of any and all investigators, mechanics, adjusters, or claims representatives who have investigated this collision, examined any of the vehicles involved or who have investigated the claims made in this lawsuit on behalf of Defendant.

7.

Pursuant to the provisions of O.C.G.A. § 9-11-26, please state the name, employer, employment address, and telephone number of any person that Defendant expects to call as an expert witness at the trial of the subject lawsuit, and list the subject matter upon which such expert is expected to testify, the substance of the facts and opinions to which such witness is expected to testify, and a summary of the grounds for such opinions.

8.

As to the commercial truck; which includes both the tractor and the trailer, involved in the collision which is the subject of this lawsuit, please state the following information:

a.     Manufacturer, make, model and year.

b.     Vehicle identification number or serial number for the commercial truck.

c.     The overall length of the commercial truck.

d.     The width of the commercial truck its widest point.

e.     The name of the entity to whom the truck was titled.

f.     Tag number for the commercial bank, including the name of the state issuing the tag.

g.     The company identification number for the commercial truck.

- 5 -

Copy from re:SearchGA

9.

List each act of negligence, contributory negligence or comparative negligence which you contend that Plaintiff or any other person, corporation or entity did or failed to do which caused or contributed to causing said collision, alluding to statutory authority, if any, which supports those contentions.

10.

State with specificity, alluding to appropriate statutory authority, if any, all defenses to which Defendant believes itself entitled in this litigation which are not specifically pled in Defendant's answer.

11.

Please state the name of any person, corporation or entity, other than Defendant, whom this Defendant contends caused or contributed to causing the collision complained of and briefly state how you contend that such party caused or contributed to causing the collision.

12.

Does Defendant or Defendant's attorneys, investigators or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject collision, the site of the subject collision or the vehicles involved in the collision, or which illustrates an facts relevant to said collision?  If so, as to each item, please state:

a.      The nature of such item.

b.      How many of such items exist (for example, number of photographs, etc.).

c.      The name, address, and employer of the person making or supplying such item.

d.      The identity of the person who has present possession of such item.

- 6 -

Copy from re:SearchGA

subject collision occurred.

13.

Please explain succinctly what Defendant contends caused this collision and why it occurred.

14.

Please state the name, employment address and job title of all persons employed by Defendant who are supplying and collecting the information to respond to Plaintiff's interrogatories, request for production of documents and requests for admissions.

This  11th  day of August, 2021.

RESPECTFULLY SUBMITTED,


  /S/  John H. Peavy, Jr.
JOHN H. PEAVY, JR.
Georgia Bar No. 569610
Co-Counsel for Plaintiff

PEAVY LAW, LLC
One Atlantic Center
1201 W. Peachtree Street, Suite 2300
Atlanta, Georgia 30309
Phone:  (404) 874-0101
FAX:   (404) 842-7710
E-Mail:  jay@peavylawllc.com

Copy from re:SearchGA

IN THE STATE COURT OF SPALDING COUNTY
STATE OF GEORGIA

E-filed for Record
8/12/2021 4:10 PM
Superior/State Court, Spalding County

| | | |
|---|---|---|
| LISA BARKLEY, | § | |
| Plaintiff, | § | |
| | | CIVIL ACTION |
| vs. | § | |
| | | FILE NO. 21SV-256 |
| PEYTON MEARL Le BLEU, | § | |
| YARBROUGH TRANSFER | | |
| COMPANY and HARTFORD | § | |
| FIRE INSURANCE COMPANY, | | |
| | § | |
| Defendants. | | |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT PEYTON MEARL Le BLEU

COMES NOW Plaintiff Lisa Barkley, by and through her undersigned counsel, and hereby serves her first continuing interrogatories upon Defendant Peyton Mearl Le Bleu ("Defendant") pursuant to O.C.G.A. § 9-11-33. Each interrogatory shall be answered separately and fully in writing, under oath. The answers are to be signed by the person making them and the objection, if any, is to be signed by the attorney making. Defendant shall serve a copy of his answers and objections within forty-five (45) days of service of the complaint and these interrogatories. Failure to timely respond to these interrogatories will subject Defendant to sanctions pursuant to O.C.G.A. § 9-11-37.

These interrogatories shall be deemed continuing so as to require Defendant to reasonably supplement or amend his prior answers pursuant to O.C.G.A. § 9-11-26(e) if Defendant obtains other information between the time his answers are serviced and the time of trial.

## INTERROGATORIES

1.

Please identify by name, address and relationship to any Defendant those persons who are

Copy from re:SearchGA

answering or helping to answer any of the following questions.

2.

Please state your full name, home and business addresses, date of birth, occupation and your social security number.

3.

Please state the state or states issuing your automobile operator's license, date of issuance, date of expiration, the number of years you have been licensed to drive and your license number. State whether this was an automobile license which was in effect on the date of occurrence. State any restrictions which might be contained on that license and whether you were in compliance with these restrictions at the time of the accident giving rise to this suit. If this was not the license in effect at the time of the incident, state the State issuing that automobile operator's license and the license number. Please state whether your driver's license has ever been revoked or suspended in this or any other state and, if so, please state the state, date and reason therefore.

4.

In the event you have ever been married please provide full details concerning these marriages including the names of each spouse, the date and place of each marriage, the date and place of termination of each marriage and the names and ages of any children born as a result of each such marriage.

5.

In the event you have ever been arrested for any reason please provide full details as to each such arrest including the date and place, the charges made, the plea entered, the court involved and the date or dates of any conviction.

- 2 -

Copy from re:SearchGA

6.

In the event you have ever been a Plaintiff, Defendant or other party in a lawsuit prior to or subsequent to this litigation, please give full details relating to these prior suits including the full style of the lawsuit, the name and address of the court in which the action was filed, and the year in which such action was filed.

7.

Please provide in as much detail as possible your description of how the incident in question occurred.

8.

State the name and address of each person you expect to call as an expert witness at the time of the trial and as to each such witness please state the subject matter upon which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for the opinions of such expert.

9.

State the name and address of any expert who is known to you who might have any information or opinion concerning any matter which may be involved in the within lawsuit, including, but not limited to, any expert with whom you have discussed any matter relating to this case, whether or not such person is, or is not, expected to be called as a witness at trial.

10.

State the name, address, employer and telephone number of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which you base your denial of the Plaintiff's allegations of negligence or causation;

- 3 -

Copy from re:SearchGA

(c)     Has some knowledge of any fact or circumstance upon which you base your denial of the Plaintiff's allegations of damages;

(d)     In addition, list separately the names of every person you will use as a witness at the time of trial.

11.

Please state the names, addresses and telephone numbers of any persons or entities, including parties to this suit, which you contend were negligent or in any way contributed to or caused the incident alleged in the Plaintiff's complaint, and please state what facts support your contentions.

12.

To your knowledge, information or belief, has any statement or report been made by any person named in answering Interrogatory No. 10?  If so, please describe each statement or report giving a summary of the content including the name, address and telephone number of any person from whom such statement or report was taken or was present at its taking, the date the statement was taken along with its form (i.e. written, oral, recorded, etc.), and the present location and name of the person having custody and control of the statement.

13.

To your knowledge, information or belief, are there any photographs or drawings of:

(a)     The scene of the incident complained of in this action?

(b)     The damaged part of your or any other vehicle involved in this incident?

(c)     Any other physical objects involved in the incident?

(d)     Any person (including party) who was involved in incident?

14.

If so, please describe each such photograph or drawing, giving as to each the following:

- 4 -

Copy from re:SearchGA

(a)     The approximate date made;

(b)     The name, address, telephone number and employer of persons making such

photographs or drawings;

(c)     The form (whether photographic print, transparency, diagram, plat, etc.);

(d)     The subject represented; and

(e)     The present location and the name of the person having custody and control thereof.

15.

To your knowledge, information or belief, is there any documentary or other tangible

evidence which you contend supports your defenses to the Plaintiff's allegations of negligence,

causation and/or damages or which you will use at the time of trial?  If so, describe such

documentary or tangible evidence stating as to each the following:

(a)     the nature and form thereof;

(b)     the subject or contents of such evidence; and

(c)     the present location and the name of the person having custody and control thereof.

16.

State the name, address, telephone number and present employer of each and every individual

who has investigated on your behalf the occurrence which is the subject matter of this lawsuit.

17.

State exactly what you contend Plaintiff did or did not do which caused or contributed to

this incident, including all specifications of negligence.

18.

If you contend that any other persons or entities were negligent or in any way caused or

Copy from re:SearchGA

contributed to this incident, state all acts or omissions of any persons or entities which you contend was negligent or caused or contributed to this incident.

19.

Following the occurrence complained of in the Plaintiff's complaint, did you obtain an estimate of the costs of repairs to your vehicle?  If so, from whom was such estimate obtained and what was the amount estimated as the cost of repairs?

20.

If you contend that you received personal injuries as a result of the collision forming the basis of this lawsuit, then please list in detail:

(a)    Every element of damages that you contend you are entitled to recover;

(b)    Itemize all expenses and special damages which you claim resulted from the incident complained of, including, but not limited to, property damage, medical and hospital expenses and loss of earnings;

(c)    Describe all injuries which you contend you received as a result of the injuries in question, stating as to each such injury the time when you first became aware of the injury;

(d)    State the name and address of every physician, surgeon or practitioner of any healing art who has examined or treated you (or who has been consulted with by you or your attorney), for any complaint which you contend resulted from the incident complained of.

21.

Describe with particularity your itinerary for the 24-hour period immediately preceding the

- 6 -

Copy from re:SearchGA

incident complained of in the complaint including in your answer the name, address and telephone number of each person who you talked to, visited with or spent any time with.

22.

Please state whether you have ever been charged with a violation of any municipal or governmental ordinance or law, other than non-moving traffic violations, and, if your response is in the affirmative, include in your answer the date and place where such charge was made, the nature of the offense charged, the name of the court or other judicial body disposing of the charge and the action taken by such court or judicial body, including any plea entered by you or on your behalf.

23.

Please state whether you were taking any kind of medicine or drugs, either prescribed or not prescribed, for the 24-hour period prior to the incident complained of in this lawsuit indicating in your answer the name of such medicine, the name, address and telephone number of the individual who prescribed such medicine and place where the drugs or medication was purchased and the reason or reasons for which you took such drugs.

24.

Please state whether or not you have any physical or mental disability, impairment or handicap of any kind, specifying in your answer the nature and type of mental disabilities, impairments and handicap, and if applicable, include the name of the physician or practitioner of any healing art who was or is treating you for the handicap.

25.

Please state whether or not during the 24-hour period immediately prior to the incident complained of, you had ingested any type of intoxicant, including, but not limited to, alcohol, marijuana or other drugs or narcotics and, if so, the amount ingested and the time that such was

- 7 -

Copy from re:SearchGA

taken, consumed or ingested.

26.

At the time of the accident at issue in this case did you have a cell phone with you in your truck?  If so, please name the provider of your cell phone service with your telephone and account number.

This ___11th___ day of August, 2021.

RESPECFULLY SUBMITTED,

__/S/  John H. Peavy, Jr._____
JOHN H. PEAVY, JR.
Georgia Bar No 569610
Co-Counsel for Plaintiff

PEAVY LAW, LLC
One Atlantic Center
1201 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
Phone:  (404) 874-0101
FAX:    (404) 874-0404
E-Mail:  jay@peavylawllc.com

- 8 -

Copy from re:SearchGA

IN THE STATE COURT OF SPALDING COUNTY
STATE OF GEORGIA

E-filed for Record
8/12/2021 4:10 PM
Superior/State Court, Spalding County

LISA BARKLEY,        §

   Plaintiff,        §

vs.           §

PEYTON MEARL Le BLEU,    §
YARBROUGH TRANSFER
COMPANY and HARTFORD    §
FIRE INSURANCE COMPANY,
            §
  Defendants.

CIVIL ACTION

FILE NO. 21SV-256

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT YARBROUGH TRANSFER COMPANY

COMES NOW Plaintiff Lisa Barkley, by and through her undersigned counsel, and hereby serves her first continuing interrogatories upon Defendant Yarbrough Transfer Company ("Defendant") pursuant to O.C.G.A. § 9-11-33.  Each interrogatory shall be answered separately and fully in writing, under oath.  The answers are to be signed by the person making them and the objection, if any, is to be signed by the attorney making.  Defendant shall serve a copy of its answers and objections within forty-five (45) days of service of the complaint and these interrogatories. Failure to timely respond to these interrogatories will subject Defendant to sanctions pursuant to O.C.G.A. § 9-11-37.

These interrogatories shall be deemed continuing so as to require Defendant to reasonably supplement or amend its prior answers pursuant to O.C.G.A. § 9-11-26(e) if Defendant obtains other information between the time its answers are serviced and the time of trial.

### INTERROGATORIES

1.

Identify the person answering these interrogatories and also, please identify each person

Copy from re:SearchGA

with whom you consulted when completing the answers to these interrogatories.

2.

At the time of the occurrence, did a policy or did policies of liability insurance cover you and/or the vehicle Peyton Mearl Le Bleu was operating? If your answer is in the affirmative, please provide the following information for each policy providing coverage:

(a)   The identity of each insurer;

(b)   The identity of each named insured under each policy;

(c)   The policy number of each policy;

(d)   The nature of the coverage provided under each such policy;

(e)   The limits of liability afforded under each such policy, including any "Self Insured Retention" or deductible;

(f)   The identity of the custodian of each such policy; and

(g)   Attach a legible photocopy of each and every such insuring agreement or policy to your answers to these interrogatories.

3.

Please confirm the date and time you received notice of the occurrence, and identify the person who reported or otherwise notified you of the occurrence and the person who was first notified of the occurrence.

4.

Did Peyton Mearl Le Bleu hold a valid operator, chauffeur or other type of driver's license at the time of the occurrence? If your answer to this interrogatory is yes, please confirm:

(a)   The type of license and date of issuance;

(b)   The state of issuance;

- 2 -

Copy from re:SearchGA

(c)     Any restrictions applicable to that license; and

(d)     Whether Peyton Mearl Le Bleu had any points against his license at the time of the occurrence.

5.

Did Peyton Mearl Le Bleu ever have an operator or chauffeur license suspended, canceled, or revoked? If your answer is yes, please confirm the date of each such revocation, the reason for each such revocation, and the inclusive dates of each such revocation.

6.

In the event you have ever been a Plaintiff, Defendant or other party in a lawsuit prior to or subsequent to this litigation, please give full details relating to these prior suits including the full style of the lawsuit, the name and address of the court in which the action was filed, and the year in which such action was filed.

7.

Please provide in as much detail as possible your description of how the incident in question occurred.

8.

State the name and address of each person you expect to call as an expert witness at the time of the trial and as to each such witness please state the subject matter upon which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for the opinions of such expert.

9.

State the name and address of any expert who is known to you who might have any information or opinion concerning any matter which may be involved in the within lawsuit,

Copy from re:SearchGA

including, but not limited to, any expert with whom you have discussed any matter relating to this case, whether or not such person is, or is not, expected to be called as a witness at trial.

10.

State the name, address, employer and telephone number of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which you base your denial of the Plaintiff's allegations of negligence or causation;

(c)     Has some knowledge of any fact or circumstance upon which you base your denial of the Plaintiff's allegations of damages;

(d)     In addition, list separately the names of every person you will use as a witness at the time of trial.

11.

To your knowledge, information or belief, has any statement or report been made by any person named in answering Interrogatory No. 10?  If so, please describe each statement or report giving a summary of the content including the name, address and telephone number of any person from whom such statement or report was taken or was present at its taking, the date the statement was taken along with its form (i.e. written, oral, recorded, etc.), and the present location and name of the person having custody and control of the statement.

12.

Please state the names, addresses and telephone numbers of any persons or entities, including parties to this suit, which you contend were negligent or in any way contributed to or caused the incident alleged in the Plaintiff's complaint, and please state what facts support your

- 4 -

Copy from re:SearchGA

contentions.

13.

To your knowledge, information or belief, are there any photographs or drawings of:

(a)     The scene of the incident complained of in this action?

(b)     The damaged part of your or any other vehicle involved in this incident?

(c)     Any other physical objects involved in the incident?

(d)     Any person (including party) who was involved in incident?

14.

If so, please describe each such photograph or drawing, giving as to each the following:

(a)     The approximate date made;

(b)     The name, address, telephone number and employer of persons making such photographs or drawings;

(c)     The form (whether photographic print, transparency, diagram, plat, etc.);

(d)     The subject represented; and

(e)     The present location and the name of the person having custody and control thereof.

15.

To your knowledge, information or belief, is there any documentary or other tangible evidence which you contend supports your defenses to the Plaintiff's allegations of negligence, causation and/or damages or which you will use at the time of trial?   If so, describe such documentary or tangible evidence stating as to each the following:

(a)     the nature and form thereof;

(b)     the subject or contents of such evidence; and

(c)     the present location and the name of the person having custody and control thereof.

- 5 -

Copy from re:SearchGA

16.

State the name, address, telephone number and present employer of each and every individual who has investigated on your behalf the occurrence which is the subject matter of this lawsuit.

17.

State exactly what you contend Plaintiff did or did not do which caused or contributed to this incident, including all specifications of negligence.

18.

If you contend that any other persons or entities were negligent or in any way caused or contributed to this incident, state all acts or omissions of any persons or entities which you contend was negligent or caused or contributed to this incident.

19.

Following the occurrence complained of in the Plaintiff's complaint, did you obtain an estimate of the costs of repairs to your vehicle?  If so, from whom was such estimate obtained and what was the amount estimated as the cost of repairs?

20.

Please state whether you have ever been charged with a violation of any municipal or governmental ordinance or law, other than non-moving traffic violations, and, if your response is in the affirmative, include in your answer the date and place where such charge was made, the nature of the offense charged, the name of the court or other judicial body disposing of the charge and the action taken by such court or judicial body, including any plea entered by you or on your behalf.

21.

Please provide the itinerary for the trip Peyton Mearl Le Bleu was performing at the time of the occurrence on November 6, 2019. The itinerary should include, but not be limited to:

- 6 -

Copy from re:SearchGA

(a)    Origination terminal (the "starting point" of this trip);

(b)    The ultimate destination and destination terminal;

(c)    Peyton Mearl Le Bleu's rest or sleep breaks and their locations;

(d)    Peyton Mearl Le Bleu's meal breaks and their locations;

(e)    Any delivery stops and their locations;

(f)    Any fuel stops and their locations;

(g)    Time spent filling out forms and making telephone calls;

(h)    Any stops Peyton Mearl Le Bleu had scheduled or intended to make which he did not actually make; and

(i)    The route Peyton Mearl Le Bleu followed or if different, intended to follow.

22.

Please identify all Yarbrough Transfer Company's drivers who have been involved in any motor vehicle collision resulting in injuries, hospitalization (including any evaluation in any healthcare facility's Emergency Department) or death from January, 2006 to the present.

23.

Please confirm the number of motor vehicle collisions involving Yarbrough Transfer Company's drivers from January, 2006 to the present and for each such motor vehicle collision, confirm the precise location of the collision and identify the persons involved in each such motor vehicle collision.

24.

Please confirm whether Yarbrough Transfer Company's vehicle involved in the occurrence had any on-board computer at the time of the occurrence that recorded any information pertaining to the vehicle's operation or use. If the vehicle had such a system, please state:

- 7 -

Copy from re:SearchGA

(a)     The name and type of the system;

(b)     The date and person or company who installed the system;

(c)     The person or company responsible for monitoring the system;

(d)     The person or company responsible for repairs to the system;

(e)     The information that the system records;

(f)     Where the system was physically located on the vehicle;

(g)     How the information is downloaded from the system;

(h)     Where any downloaded information is stored; and

(i)     If you possess copies of any Owner's Manual, Operator's Manual, downloading instructions or other documents regarding the manner in which the system is installed or used, please produce legible photocopies of such documents as part of your answers to these interrogatories.

25.

Please confirm whether any person or entity downloaded or recorded any information on the subject truck's on-board computer at any time after the occurrence. If any such download or recording took place, please provide:

(a)     The date, time and place of the download or recording;

(b)     The identity of the person or entity involved in the downloading or recording;

(c)     The information that was downloaded or recorded;

(d)     The identity of the person or entity that received the downloaded or recorded information;

(e)     The current location of the on-board computer system.

26.

Please confirm whether any person or entity downloaded or recorded information on the

- 8 -

Copy from re:SearchGA

subject truck's satellite tracking system or global positioning satellite system at any time after the occurrence. If any such downloaded or recording took place, please provide:

(a)     The date, time and place of the download or recording;

(b)     The identity of the person or entity involved in the downloading or recording;

(c)     The information that was downloaded or recorded;

(d)     The identity of the person or entity that received the downloaded or recorded information;

(e)     The current location of the system; and

(f)     If you possess copies of any Owner's Manual, Operator's Manual, downloading instructions or other documents regarding the manner in which the system is installed or used, please produce legible photocopies of such documents as part of your answers to these interrogatories.

27.

Please describe the load being carried by Peyton Mearl Le Bleu at the time of the occurrence.

28.

Please provide the last known home address of Peyton Mearl Le Bleu.

29.

Is Peyton Mearl Le Bleu still employed by Yarbrough Transfer Company? If not, please state the circumstances surrounding Peyton Mearl Le Bleu leaving your company and the date he left.

30.

Has the proper Defendant been identified in this case? If no, please state the full name of the person or entity you believe to be the proper Defendant.

- 9 -

Copy from re:SearchGA

This __11th___ day of August, 2021.

RESPECFULLY SUBMITTED,


_ /S/   John H. Peavy, Jr._____
JOHN H. PEAVY, JR.
Georgia Bar No 569610
Co-Counsel for Plaintiff

PEAVY LAW, LLC
One Atlantic Center
1201 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
Phone:  (404) 874-0101
FAX:   (404) 874-0404
E-Mail:  jay@peavylawllc.com

Copy from re:SearchGA

IN THE STATE COURT OF SPALDING COUNTY
STATE OF GEORGIA

LISA BARKLEY,                                  §

     Plaintiff,                               §

     vs.                                      §

PEYTON MEARL Le BLEU,                          §
YARBROUGH TRANSFER
COMPANY and HARTFORD                           §
FIRE INSURANCE COMPANY,
                                §

     Defendants.

**E-filed for Record**
**8/13/2021 12:07 PM**
**Superior/State Court, Spalding County**

CIVIL ACTION

FILE NO. _____21SV-256_____

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HARTFORD FIRE INSURANCE COMPANY

COMES NOW Plaintiff Lisa Barkley, by and through her undersigned counsel, and hereby serves her first request for production of documents upon Defendant Hartford Fire Insurance Company ("Defendant") pursuant to O.C.G.A. § 9-11-34. Defendant is requested to produce within forty-five (45) days of receipt hereof the documentary evidence requested hereinafter. Said documentary evidence is alleged to be in Defendant's possession, custody and control and is pertinent to the issue in this case.

## DEFINITIONS

(1)      "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge, including but not limited to, correspondence, memoranda of agreements, assignments, meeting minutes, memoranda, e-mails, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, maps, analysis, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals,

Copy from re:SearchGA

journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, floppy or other magnetic storage media), tapes, photographs, drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include any attachments or exhibits to the requested document, or any other documents referred to in the requested document or incorporated by reference;

(2)      "Person" means any natural person, corporation, partnership, proprietorship, association, organization, groups of persons, or any governmental body or subdivision thereof;

(3)      As used herein, the term "similar" shall have that meaning it is given in the *American Heritage Dictionary,* which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used herein, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If in any response you limit the information you provide or documents you produce because you use some other interpretation of the word "similar", please so state, and state the interpretation of the word "similar" that you are utilizing, and reveal generally that nature of the information withheld because of such interpretation.

(4)      The use of the word "you", "your" or "yours" refers to State National Insurance Company, Inc. and/or its attorneys, agents and employees.

(5)      Plaintiff requests that Defendant respond to and supplement these and all future document requests by producing the requested documents segregated according to the request number and identifying the documents produced in a formal written pleading and stating which numbered request it is responding to.  Plaintiff requests that Defendant not produce unidentified documents via letters that state essentially nothing more than "here are some more responsive documents".

- 2 -

Copy from re:SearchGA

If in response to Plaintiff's request for production of documents, Defendant fails to disclose any document and then at a later date discloses such document to it, please provide full information about how the existence of this additional document was discovered by Defendant, by whom such additional document was discovered, when such additional document was discovered, who made the decision to disclose such additional document to Plaintiff, when that decision was made, and in detail, why such additional document were not disclosed to Plaintiff in Defendant's initial responses.

### REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Copies of all witness statements obtained from any person about any information relevant to any issue in this lawsuit, including, but not limited to, the issues of liability or damages.

2.

Copies of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision and concerning any of the issues relevant in this lawsuit, to include but not be limited to, the issues of liability and damages.

3.

Complete copies of all policies of insurance (to include the declarations pages) which do or may afford liability insurance coverage in this case.  This includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage.

4.

Copies of all reports received from any experts who have investigated any issue relevant

- 3 -

Copy from re:SearchGA

to the subject collision.

5.

A copy of any reservation of rights letter or other documentation of any kind received from any insurer which reports to deny insurance coverage, or to serve the right to contest the issue of coverage for the claims made in this lawsuit.

6.

Copies of any and all documents which support any contention that this collision was the fault of any person or corporation other than Defendant, to include, but not be limited to, any and all reports made by experts.

7.

A copy of any and all communications between Defendant and any other persons relating to the collision, Yarbrough Transfer Company and/or Peyton Mearl LeBleu.

8.

Any documents prepared by Peyton Mearl LeBleu where he wrote down the sequence of events after the accident.

9.

Any documents responsive to Plaintiff's first interrogatories.

10.

Any documents used and/or relied upon in responding to Plaintiff's first interrogatories.

This  11th  day of August, 2021.

RESPECTFULLY SUBMITTED,

 /S/  John H. Peavy, Jr.
JOHN H. PEAVY, JR.
Georgia Bar No. 569610
Co-Counsel for Plaintiff

- 4 -

Copy from re:SearchGA

PEAVY LAW, LLC
One Atlantic Center
1201 W. Peachtree Street, Suite 2300
Atlanta, Georgia 30309
Phone:  (404) 874-0101
FAX:    (404) 842-7710
E-Mail:  jay@peavylawllc.com

Copy from re:SearchGA

IN THE STATE COURT OF SPALDING COUNTY
STATE OF GEORGIA

LISA BARKLEY,                                    §

     Plaintiff,                                 §

vs.                                              §

PEYTON MEARL Le BLEU,                            §
YARBROUGH TRANSFER
COMPANY and HARTFORD                             §
FIRE INSURANCE COMPANY,

                             §

    Defendants.

E-filed for Record
8/12/2021 4:10 PM
Superior/State Court, Spalding County

CIVIL ACTION

FILE NO. 21SV-256

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT YARBROUGH TRANSFER COMPANY

COMES NOW Plaintiff Lisa Barkley, by and through her undersigned counsel, and hereby serves her first request for production of documents upon Defendant Yarbrough Transfer Company ("Defendant") pursuant to O.C.G.A. § 9-11-34. Defendant is requested to produce within forty-five (45) days of receipt hereof the documentary evidence requested hereinafter. Said documentary evidence is alleged to be in Defendant's possession, custody and control and is pertinent to the issue in this case.

1.

If you had a policy, procedure, program, or manual in place for any of the following at the time of the collision, please produce a copy of the same:

    (a)      A log audit program or policy;

    (b)      A maintenance policy or procedure;

    (c)      A document retention/destruction policy;

    (d)      A dispatch manual;

    (e)      A safety manual; and

Copy from re:SearchGA

(f)     An operations manual.

2.

Please produce any accident and/or incident reports and investigations prepared by you as a result of the incident at issue, other than the police report.

3.

Please produce all documents prepared concerning all inspections performed on the subject vehicle involved in this collision.

4.

Please produce the entire drug and alcohol file of Peyton Mearl LeBleu including, but not limited to, pre-employment, post-collision, random, reasonable suspicion, and return to duty drug and alcohol testing results maintained pursuant to 49 CFR 382.401, preserved pursuant to 49 CFR 379 (including Appendix A, Note A), and released pursuant to 49 CFR 40.323.

5.

Please produce the entire driver investigation history file or its equivalent for Peyton Mearl LeBleu maintained pursuant to 49 CFR 391.53 and preserved pursuant to 49 CFR 379 (including Appendix A, Note A).

6.

Please produce all records of health insurance claims, disability claims, sickness or doctor's excuses of Peyton Mearl LeBleu for the five years prior to November 6, 2019 and one year after said date.

7.

Please produce all records of Peyton Mearl LeBleu for the seven days prior to the collision, for the day of the collision, and for seven days after the collision. Specifically produce the

- 2 -

Copy from re:SearchGA

supporting documents listed below which you are required to maintain under 49 CFR 395.8(k) and

to preserve under 49 CFR 279 (including Appendix A, Note A):

(a)     Dispatch records;

(b)     Driver call-in records;

(c)     Fuel billing statements and/or summaries;

(d)     Toll receipts;

(e)     Cash advance receipts;

(f)     Accident reports;

(g)     Telephone billing statements;

(h)     Credit card receipts;

(i)     Driver fax reports;

(j)     On-board computer reports;

(k)     Traffic citations; and

(l)     Any documents directly related to your operation which are retained by you in

        connection with the operation of transportation business.

8.

Please produce any and all cellular and telephone records and bills of Peyton Mearl LeBleu

for the day of the motor vehicle collision with Plaintiff and seven days prior and seven days

afterwards.

9.

Please produce any state and federal safety audits for Peyton Mearl LeBleu for the year of

this collision and the three years prior.

- 3 -

Copy from re:SearchGA

10.

Please produce any and all federal and state (including city and county) accident reports filed for Peyton Mearl LeBleu the year of this collision and three years prior.

11.

Please produce any and all long form DOT physicals for Peyton Mearl LeBleu as well as copies of the cards carried by Peyton Mearl LeBleu evidencing the physical exams.

12.

Please produce any DOT, State and company inspections of the truck involved in the collision for the calendar year of this collision and one year prior.

13.

Produce any photographs, slides, motion pictures, videotapes, DVDs, drawings or re-creations of any type, or other visual representation taken of the truck operated by Peyton Mearl LeBleu at the scene of the collision or any time after, as well as any such materials showing the scene or Plaintiff's vehicle.

14.

Produce all policies including liability, general liability, excess umbrella, and any other insurance that will cover or arguably cover damages claimed in the collision involving Plaintiff.

15.

Please produce the printout(s) from any commercial software program (e.g. JJ Keller's LogChecker©) or customized program used to record and audit Peyton Mearl LeBleu's log book entries for the one year preceding and including the November 6, 2019 motor vehicle collision with Plaintiff.

- 4 -

Copy from re:SearchGA

16.

Please produce copies of all photographs, slides, motion pictures, videotapes, surveillance reports or other information gathered by your or on your behalf which is relevant to surveillance of Plaintiff's activities from the date of the collision involving Plaintiff to the present.

17.

Please produce any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with relevant knowledge of facts involved in the subject collision. Please include the name of the person convicted, the year of such conviction, the Court of such conviction, and the same sentence involved.

18.

Please produce any records or documentation (medical or non-medical) concerning Peyton Mearl LeBleu which would indicate that he was using alcohol and/or drugs (including prescription or non-prescription, legal or illegal) within forty-eight (48) hours prior to the collision.

19.

Please produce any records or documentation (medical or non-medical), which would indicate that Peyton Mearl LeBleu was a regular user of any illegal substance(s) within one (1) year preceding the collision.

20.

Please produce all documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named Defendants with respect to this claim.

21.

Please produce any written, taped or mechanically reproduced/recorded statement, testimony, or videotape of any person named in responsive discovery of any party either as

- 5 -

Copy from re:SearchGA

someone with knowledge of relevant facts or as an expert, which was given or taken before you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue in this case.

22.

Please produce any reports, memoranda, documents or materials of any type containing information concerning any type of investigation including, but not limited to, obtaining any background, credit or criminal records, photographs, videotapes, or recorded statements; surveillance; eavesdropping; interviewing Plaintiff or of any person named in responsive discovery by any party as a person with knowledge of relevant facts or as an expert which was performed by, for, or on behalf of you, your insureds, any adjusting company or any investigator concerning any liability or damages claims of the plaintiff's as outlined in Plaintiff's latest original or amended pleadings on file which were prepared before you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue in this case.

23.

Please produce copies of all written records, documents, memos, papers, notes, correspondence or writings of any kind that support Defendant's allegations, if any, that Plaintiff was negligent at the time of the collision.

24.

Please produce copies of any documentation evidencing driver qualifications, standards, and training required to be kept by you from 2009 to the present.

25.

Please produce a copy of Peyton Mearl LeBleu's driver's license in effect as of the date of the collision made the basis of this suit.

- 6 -

Copy from re:SearchGA

26.

Please produce any documents showing violations of any federal or state statute, law or regulation by truck or Peyton Mearl LeBleu pertaining to the collision made the basis of this suit.

27.

Please produce any traffic tickets, warnings issued or any criminal charges or regulatory violations charged or filed against Peyton Mearl LeBleu or you as a result of the collision on November 6, 2019.

28.

Please produce any reports, documents, printouts, whether written, typed, and/or maintained in electronic format, which contain information regarding any past accident, claims, and/or lawsuits that Plaintiff may have been involved in prior to the collision on November 6, 2019.

29.

Please produce any reports by you or to any other entity regarding "reportable incidents," as that term is defined in Section 394.3 of the Federal Motor Carrier Safety Regulations.

30.

Copies of all certified public records and/or reports which you intend to bring to the attention of the jury or a witness at trial.

31.

Copies of all market reports, commercial publications or published compilations which you intend to bring to the attention of the jury or a witness at trial.

32.

Copies of the repair and maintenance records for the tractor at issue.

- 7 -

Copy from re:SearchGA

This __11th___ day of August, 2021.

RESPECTFULLY SUBMITTED,


_/S/_  John H. Peavy, Jr. _____
JOHN H. PEAVY, JR.
Georgia Bar No. 569610
Co-Counsel for Plaintiff


PEAVY LAW, LLC
One Atlantic Center
1201 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
Phone:  (404) 874-0101
FAX:    (404) 874-0404
E-Mail:  jay@peavylawllc.com

Copy from re:SearchGA

IN THE STATE COURT OF SPALDING COUNTY
STATE OF GEORGIA

LISA BARKLEY,                              §

      Plaintiff,                          §

vs.                                        §

PEYTON MEARL Le BLEU,                      §
YARBROUGH TRANSFER
COMPANY and HARTFORD                       §
FIRE INSURANCE COMPANY,

      Defendants.                         §

**E-filed for Record**
**8/12/2021 4:10 PM**
**Superior/State Court, Spalding County**

CIVIL ACTION

FILE NO. 21SV-256 _____

## AFFIDAVIT OF COMPLIANCE

Personally appeared before the undersigned officer duly authorized by law to administer oaths, John H. Peavy, Jr. ("Affiant"), who on oath deposes and says as follows:

1.

I have personal knowledge of the facts set forth herein. I have reached the age of majority and I am competent to testify to the matters stated in this affidavit and I am making this affidavit for use in the above-captioned action.

2.

I have fully complied with O.C.G.A. § 40-12-2 by having the summons, complaint and this affidavit of compliance personally served upon the Georgia Secretary of State and by mailing copies of these items served upon Defendant Peyton Mearl LeBleu via certified mail at his known address located at 210 Quail Creek Court, Hubert, North Carolina 28539-4390.

FURTHER AFFIANT SAYETH NOT,

Copy from re:SearchGA

_____

JOHN H. PEAVY, JR., Affiant

Sworn to and subscribed before me,
this _10th_ day of August, 2021.

_____

Notary Public

My commission expires: _____

Copy from re:SearchGA

E-filed for Record
9/2/2021 9:11 AM
Superior/State Court, Spalding County

IN THE STATE COURT OF SPALDING COUNTY
STATE OF GEORGIA

**LISA BARKLEY**

 *Plaintiff(s) / Petitioner(s)*

v.

                 Case No.: 21SV-256

**PEYTON MEARL Le BLEU, YARBROUGH
TRANSFER COMPANY and HARTFORD FIRE
INSURANCE COMPANY**

 *Defendant(s) / Respondent(s)*

### <u>AFFIDAVIT OF SERVICE</u>

I, Marc Dickerson, being duly sworn, state:

I am a specially appointed or permanent process server authorized to complete this service.

I served the following documents on Yarbrough Transfer Company in Forsyth County, NC on August 30, 2021 at 2:20 pm at 1500 Doune Street, Winton-Salem, NC 27127 by leaving the following documents with Arnel Bejtovic who as Employee is authorized by appointment or by law to receive service of process for Yarbrough Transfer Company.

Summons
Complaint for Damages
Plaintiff's First Continuing Interrogatories to Defendant Yarbrough Transfer Company
Plaintiff's First Request for Production of Documents to Defendant Yarbrough Transfer Company

Additional Description:
I delivered the documents to Arnel Bejtovic.

White Male, est. age 35, glasses: N, Black hair, 180 lbs to 200 lbs, 5' 9" to 6'.

_(signature)_

Signature
Marc Dickerson
(803) 701-0004


Subscribed and sworn to before me this 1st day of _September_, 2021, by
_MArc DIckerson_ .
Witness my hand and official seal.


My commission expires: _____


_(signature)_

Notary Public

NADIA HASSAN
My Comm. Expires
NOTARY
PUBLIC
June 22, 2026
GUILFORD COUNTY, NC

Copy from re:SearchGA

E-filed for Record
8/16/2021 2:40 PM
Superior/State Court, Spalding County

IN THE STATE COURT OF SPALDING COUNTY
STATE OF GEORGIA

LISA BARKLEY,                          §

   Plaintiff,                 §

vs.                                    §

PEYTON MEARL Le BLEU,                  §
YARBROUGH TRANSFER
COMPANY and HARTFORD                   §
FIRE INSURANCE COMPANY,

   Defendants.                §

CIVIL ACTION

FILE NO. 21SV-256

## <u>NOTICE OF SERVICE</u>

  Notice is hereby given that service on the Defendant Peyton Mearl LeBleu has been

perfected by serving a copy of the summons and complaint on the Georgia Secretary of State

pursuant to O.C.G.A. § 40-12-2 as a non-resident motorist.  Plaintiff has additionally served the

Defendant with a copy of the summons and complaint by sending certified mail at his last known

address which is 210 Quail Creek Court, Hubert, North Carolina 28539-4390

  This  16<u>th</u>  day of August, 2020.

        RESPECTFULLY SUBMITTED,


         /S/ John H. Peavy, Jr.
        JOHN H. PEAVY, JR.
        Georgia Bar No. 569610
        Attorney for Plaintiff

PEAVY LAW, LLC
One Atlantic Center
1201 W. Peachtree Street, Suite 2300
Atlanta, Georgia 30309
Phone:  (404) 874-0101
FAX:    (404) 874-0404
E-Mail:  jay@peavylawllc.com

Copy from re:SearchGA

Print Form

IFF'S ENTRY OF SERVICE

Civil Action No. 21SV-256

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☑ | Probate Court ☐ |
| Juvenile Court ☐ | |

**E-filed for Record**
**8/31/2021 9:12 AM**
**Superior/State Court, Spalding County**

Date Filed _____

Georgia, SPALDING _____ COUNTY

Attorney's Address

John H. Peavy, Jr., 1201 W. Peachtree St.,

One Atlantic Center, Suite 2300

Atlanta, GA 30309; (404) 874-0101

Name and Address of Party to Served

Hartford Fire Insurance Company, c/o CT

Corporation System, 289 S. Culver Street,

Lawrenceville, GA 30046-4805

Lisa Barkley,

_____ Plaintiff

VS.

Peyton Mearl LeBleu, Yarbrough Transfer

Co. and Hartford Fire Insurance Company

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant _____ personally with a copy

☐ of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a

copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:

age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of

defendant.

**CORPORATION**

Served the defendant _Hartford Fire Ins. Co._ _____ a corporation

by leaving a copy of the within action and summons with _Linda Banks (MA)_

In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises

designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an

☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice

to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant _____

☐ not to be found in the jurisdiction of this Court.

This _24_ day of _Aug_, 20_21_.

_Lt. Higgins S0541_

DEPUTY

**CLERK'S COPY**

Copy from re:SearchGA

Control Number : SOP-21228499

# STATE OF GEORGIA
## Secretary of State
**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

**E-filed for Record**
**8/26/2021 10:42 AM**
**Superior/State Court, Spalding County**

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Peyton Mearl LeBleu**

have been filed with the Secretary of State on 08/20/2021 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Lisa Barkley v. Peyton Mearl LeBleu
Court: Spalding County State Court
Civil Action No.: 21SV-256

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 08/26/2021.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

Copy from re:SearchGA

Control Number : SOP-21228499

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

**E-filed for Record**
**8/26/2021 10:14 AM**
**Superior/State Court, Spalding County**

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### Peyton Mearl LeBleu

have been filed with the Secretary of State on 08/20/2021 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Lisa Barkley v. Peyton Mearl LeBleu
Court: Spalding County State Court
Civil Action No.: 21SV-256

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 08/26/2021.



Brad Raffensperger

Brad Raffensperger
Secretary of State

Copy from re:SearchGA